<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| D.P., | : | **Civil Action No. 23-3982 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff D.P. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's applications for disability insurance benefits and supplemental security income in March of 2018, alleging disability starting on January 14, 2015. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on November 21, 2019, and the ALJ issued an unfavorable decision on January 24, 2020. Plaintiff sought review of the unfavorable decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff

1

filed this appeal.

In the decision of January 24, 2020, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain postural and environmental limitations. At step four, the ALJ also found that Plaintiff was able to perform her past relevant work as a secretary. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes three arguments on appeal: 1) the ALJ did not address obesity at the steps after step two; 2) the ALJ ignored the instructions of the district court in the prior remand opinion; and 3) at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner

erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first argues that the ALJ failed to properly address Plaintiff's obesity as required by SSR 19-2p. In short, Plaintiff contends that the ALJ failed to present a "lucid, articulated" discussion of the impact of obesity at steps three and four. As a result, Plaintiff argues, this Court cannot engage in meaningful judicial review of the decisions at steps three and four. The Court is not persuaded that meaningful judicial review of the ALJ's reasoning at steps three and four is impossible. Plaintiff acknowledges that the ALJ expressly stated that she had fully considered obesity in arriving at her decision, as required by SSR 19-2p. (Tr. 14.) Plaintiff's brief offers no specific arguments about how the ALJ might have addressed Plaintiff's obesity such that the outcome would have changed and Plaintiff would have been found to be disabled. Instead, Plaintiff's brief asserts generally that the ALJ did not sufficiently explain how obesity was considered.

Plaintiff's argument that the ALJ failed to adequately address the impact of Plaintiff's obesity cannot succeed under Shinseki. Even if this Court agreed that the ALJ failed to adequately consider obesity as required by SSR 19-2p, or failed to explain the reasoning sufficiently to allow meaningful judicial review – and the Court does not agree –, Shinseki requires an appellant to show that an alleged error was harmful. Shinseki thus requires a demonstration that, but for the alleged error, Plaintiff could have proven that she is disabled. Plaintiff has made no argument that musters the evidence of record to demonstrate that the ALJ

3

overlooked medical evidence of the limiting effects of Plaintiff's obesity.  Plaintiff has made no demonstration that the brevity of the ALJ's discussion of the impact of obesity on the disability analysis was harmful to her.

Plaintiff next argues that the ALJ failed to "adhere" to the terms of the prior remand order, and that this is a kind of error *per se*, citing Sullivan v. Hudson, 490 U.S. 877, 886 (1989). The Supreme Court has subsequently limited the holding of Hudson to "those cases where the district court retains jurisdiction of the civil action."  Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991); see also Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("We therefore do not consider the holding of *Hudson* binding as to sentence-four remands that are ordered (as they should be) without retention of jurisdiction.")  The administrative record includes the prior remand order of the district court, which states that the remand was made pursuant to the fourth sentence of § 405(g).  (Tr. 749.)  Hudson does not apply to the present appeal.

Third, Plaintiff argues that the RFC determination is not supported by substantial evidence.  Plaintiff contends that the RFC does not reflect the effect of several impairments that were found to be severe at step two: vertigo, obesity, and heart disorders.  The ALJ's discussion of the evidence at step four expressly shows that the ALJ considered the evidence of record as to vertigo, obesity, and heart disorders.  (Tr. 14-18.)  The ALJ clearly explained the basis for the determination that Plaintiff retains the residual functional capacity to perform light work, with certain additional postural and environmental limitations.  (See Tr. 17-18.)  In summary, the ALJ agreed with and adopted the RFC assessment made by the DDS consultants, but added some additional limitations; the ALJ found the limitations stated by Plaintiff's treating physician, Dr. Saraceno, to be unsupported by the objective clinical evidence; and the ALJ incorporated the

4

conclusions of Dr. Robles, the internal medicine consultative examiner, who stated:

> She would not be limited from walking and standing with reasonable breaks. She would be able to sit for a reasonable amount time with needed breaks. No significant balance limitations were observed during the evaluation. She has good functionality of her right and left hands. She would be able to handle fine and small sized objects. She has no significant limitations to fingering such as picking and pinching objects.

(Tr. 594.)  Thus, while the ALJ did not accept the limitations stated by Dr. Saraceno,[1] the RFC is supported by the evaluations of the DDS consultants and the internal medicine consultant.  The RFC determination at step four is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors.  Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by <u>Shinseki</u>.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 23, 2025

---

[1] Plaintiff contends that Dr. Saraceno's assessment is "utterly uncontradicted" by any examining physician of record.  (Pl.'s Br. at 35.)  Plaintiff is incorrect: Dr. Robles performed the internal medicine consultative evaluation and drew specific conclusions, quoted above, that contradict Dr. Saraceno's assessment on every point.  (Tr. 594, 689.)